UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | |
|---|---|
| KELSEY RODRIGUEZ,<br>      Plaintiff,<br><br>v.<br><br>DAJOUR NEAL, *et al.*,<br>      Defendants. | Civil Action No. 3:25CV239 (RCY) |

## MEMORANDUM OPINION

On March 26, 2025, Plaintiff Kelsey Rodriguez ("Plaintiff"), appearing *pro se*, submitted an application to proceed *in forma pauperis* ("IFP Application"),[1] along with a proposed Complaint. IFP Appl., ECF No. 1; Proposed Compl., ECF No. 1-1. Based on the financial information set forth in Plaintiff's IFP Application, the Court is satisfied that Plaintiff qualifies for *in forma pauperis* status. Accordingly, Plaintiff's IFP Application, ECF No. 1, will be **GRANTED**, and the Clerk will be **DIRECTED** to file Plaintiff's Complaint. However, the Court finds that Plaintiff's Complaint suffers from defects that prevent the action from proceeding.

When a plaintiff is granted authorization to proceed *in forma pauperis*, the Court is obligated, pursuant to 28 U.S.C. § 1915(e)(2), to screen the operative complaint to determine, among other things, whether the complaint states a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2) (explaining that "the court shall dismiss the case at any time if the court determines that . . . the action . . . fails to state a claim on which relief may be granted"). A *pro se* complaint should survive only when a plaintiff has set forth "enough facts to state a claim to

---

[1] When a party proceeds in district court without prepaying fees or costs, it is said that the party is proceeding *in forma pauperis*. As such, the Court will refer to Plaintiff's fee waiver application as an "IFP Application."

relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Additionally, the Court has an independent obligation to screen for the existence of jurisdiction. *See Arbaugh v. Y & H Corp.*, 546 U.S. 500, 506 (2006) ("The objection that a federal court lacks subject-matter jurisdiction, *see* Fed. R[.] Civ. P[.] 12(b)(1), may be raised by a party, or by a court on its own initiative . . . . [Federal] Rule [of Civil Procedure] 12(h)(3) instructs: 'Whenever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action.'"). Pursuant to § 1915's statutory screening obligation and with an eye towards its jurisdictional limitations, the Court has reviewed Plaintiff's Complaint.

## I. BACKGROUND

Plaintiff brings this action against Defendants Dajour Neal and Natalie Johnson based on their alleged "intentional, malicious, and premeditated conspiracy to take Plaintiff's child, alienate Plaintiff from her own son, and abuse the legal system for their benefit." Compl. ¶ 1, ECF No. 1-1 at 6. Plaintiff alleges that, starting from the time she first became pregnant, Defendants harassed and demeaned her, and that after the birth of Plaintiff's child, Defendants instituted child custody actions (first in Arlington, Virginia, and then in Front Royal, Virginia) in jurisdictions where neither Plaintiff nor her child resided. Compl. ¶¶ 10–15. Defendants thereafter verbally attacked Plaintiff, defamed her, and generally engaged in intimidation tactics (including breaking Plaintiff's camper window) to undermine Plaintiff's mental wellbeing and her position vis-à-vis the custody proceedings and to ultimately exclude Plaintiff from her child's life. *Id.* ¶¶ 16–20. On this basis, Plaintiff has sued Defendants for "Fraudulent Misrepresentation" (Count I), "Civil Conspiracy to Commit Fraud and Parental Alienation" (Count II), Malicious Prosecution (Count III), Intentional Infliction of Emotional Distress (Count IV), and Property Damage (Count V). *Id.* ¶¶ 21–25.

## II. LACK OF JURISDICTION

The Court finds that Plaintiff has failed to plead facts giving rise to this Court's subject matter jurisdiction, and so the Complaint must be dismissed.

Plaintiff asserts that this Court's subject matter jurisdiction is predicated on diversity jurisdiction under 28 U.S.C. § 1332. *See* Compl. ¶ 5. To establish diversity jurisdiction, a plaintiff must plausibly allege that the amount in controversy exceeds $75,000 (the "amount in controversy" requirement) and the action is between "citizens of a State and citizens or subjects of a foreign state" (the "complete diversity" requirement). 28 U.S.C. § 1332(a). Plaintiff seeks $200,000 in compensatory damages and $100,000 in punitive damages, so the amount in controversy requirement is satisfied. The Court does not find, however, that the complete diversity requirement is satisfied. Contrary to Plaintiff's apparent understanding, it is not enough that Plaintiff and the Defendants "resid[e] in different locations within Virginia." Compl. ¶ 5. Rather, as stated above, Plaintiff must be a citizen of a different state (or country) than Defendants, to satisfy this requirement. 28 U.S.C. § 1332(a). State citizenship is determined based on an individual's domicile. *Axel Johnson, Inc. v. Carroll Carolina Oil Co.*, 145 F.3d 660, 663 (4th Cir. 1998). "Domicile requires physical presence, coupled with an intent to make the State a home." *Johnson v. Advance Am.*, 549 F.3d 932, 937 n.2 (4th Cir. 2008). Based on the allegations in the Complaint, it appears that Plaintiff and Defendants are all citizens, for diversity purposes, of Virginia, *see* Compl. ¶¶ 5, 7–9; as such, there is no complete diversity of the parties, and thus the Court has no diversity jurisdiction under 28 U.S.C. § 1332.

Absent diversity jurisdiction, the Court sees no independent basis for jurisdiction, as Plaintiff's suit raises state-law claims, not claims rooted in any federal question. *See* 28 U.S.C. § 1331; ECF No. 1-1 at 3 ("Complaint for a Civil Case" form explaining the two general bases for

federal court jurisdiction). As such, even assuming for present purposes that Plaintiff properly and sufficiently pleaded her state-law claims, the Court cannot hear this suit. Moreover, because more fulsome pleading could not cure this jurisdictional defect, amendment would be futile and thus the Court does not grant leave to amend. *See Laber v. Harvey*, 438 F.3d 404, 426 (4th Cir. 2006).

### III.  CONCLUSION

For the reasons set forth above, Plaintiff's IFP Application, ECF No. 1, will be GRANTED and the Clerk will be DIRECTED to file the Complaint (ECF No. 1-1). However, given the Court's holding that it is without subject matter jurisdiction over the controversy, this action will be DISMISSED without prejudice.

An appropriate Order will accompany this Memorandum Opinion.

/s/ RCY
Roderick C. Young
United States District Judge

Date: April 30, 2025
Richmond, Virginia